IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **PAUL BEETS,** | § § § |
| Plaintiff, | § Civil Action No. 2:22-cv-10411 § § |
| v. | § § |
| **LIGHTHOUSE INSURANCE GROUP, LLC d/b/a LIG SOLUTIONS,** | § **Jury Trial Demanded** § § |
| Defendant. | § § |

# COMPLAINT

PAUL BEETS ("Plaintiff" or "Mr. Beets"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LIGHTHOUSE INSURANCE GROUP, LLC d/b/a LIG SOLUTIONS ("Defendant" or "LIG"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*.

## JURISDICTION AND VENUE

2.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.  This Court has personal jurisdiction over Defendant as Defendant regularly and systematically conducts business in the State of Michigan.

4. Furthermore, Defendant placed phone calls to Plaintiff at his "248" area code, associated with Metropolitan Detroit.

5. Defendant also placed phone calls from a number which appeared on Plaintiff's caller ID to be from the "248" area code.

6. Plaintiff resided within this District at all times relevant hereto. Plaintiff received the calls at issue and experienced the associated harm within this District.

7. A substantial portion of the acts and omissions described herein occurred within this District.

8. Accordingly, personal jurisdiction exists and venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

9. Plaintiff is a natural person who resided in Macomb, Michigan at all times relevant hereto.

10. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 6100 Rockside Woods Boulevard, Suite 310, Independence, Ohio 44131.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. At all times relevant hereto, Plaintiff, Paul Beets owned a cell phone, the number for which was (248) XXX-8640.

15. Plaintiff registered that cell phone number on the Federal Do Not Call Registry on September 28, 2006.

16. Mr. Beets registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

17. At all times relevant hereto, Plaintiff used that cell phone primarily for residential purposes.

18. Defendant is a nationwide insurance broker that solicits, *inter alia*, medical insurance programs to prospective consumers.

19. Defendant engaged in telemarketing in order to solicit medical insurance programs.

20. Beginning in or around March 2021, Defendant placed a series of solicitation calls to Plaintiff in order to sell Plaintiff a medical insurance policy.

21. When Plaintiff would answer those calls, he would hear a "bloop", followed by a pause and delay, which is characteristic of an automatic telephone dialing system.

22. Plaintiff never sought information about health insurance and did not consent to the calls from Defendant.

23. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

24. Despite his number's registration on the Do Not Call Registry, Defendant placed calls to Mr. Beets' phone on multiple occasions attempting to sell him a health insurance policy.

25. In total, Defendant placed at least 7 calls to Plaintiff's personal cellular phone, at dates/times including the following:

| Date/Time: | Caller ID: |
|---|---|
| March 25, 2021 10:08 am Central | (248) 239-0436 |
| March 25, 2021 11:31 am Central | (248) 239-0436 |
| March 25, 2021 2:51 pm Central | (248) 239-0435 |
| March 25, 2021 4:21 pm Central | (248) 239-0435 |
| March 25, 2021 5:33 pm Central | (248) 239-0435 |
| March 25, 2021 5:37 pm Central | (248) 239-0436 |
| March 25, 2021 5:37 pm Central | (248) 239-0435 |

26. Upon information and belief, Plaintiff received additional messages from Defendant not included in the above-list.

27. In an effort to ascertain the identity of the party responsible for placing the unwanted solicitation calls, Plaintiff engaged in a discussion with Defendant's agent.

28. The agent on the phone explained he was calling on LIG's behalf. At the conclusion of one of the calls in which Plaintiff spoke to Defendant's agent, he told the Agent he did not want them to call him anymore.

29. Despite the foregoing demand for the calls to cease, Defendant continued making harassing calls.

30. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

31. The foregoing acts and omissions were in violation of the TCPA.

### COUNT I
### <u>DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(b)</u>

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

34. Defendant placed numerous calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

35. Upon information and belief, the calls contained characteristic of an automatic telephone dialing system, such as the "bloop" and the pause and delay before the call was transferred to a live agent.

36. Therefore, Plaintiff believes Defendant used a dialing system that utilizes random and sequential number generators to place outbound calls.

37. Defendant's calls were not made for "emergency purposes."

38. Defendant's calls to Plaintiff's cellular telephone were made without any prior express consent.

39. Defendant's acts, as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

40. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
### DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

44. Defendant placed two or more solicitation calls to Plaintiff's number during a calendar year, despite the fact that Plaintiff's number was registered on the Do Not Call Registry since September 28, 2006.

45. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

46. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

47.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, PAUL BEETS, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3));

d. Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

e. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code );

f. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to. §302.302(a) of the Texas Business & Commerce Code

g. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

h. Any other relief this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PAUL BEETS, demands a jury trial in this case.

Respectfully submitted,

Dated:  February 24, 2022          By: */s/ Jacob U. Ginsburg*
                                   Jacob U. Ginsburg, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (215) 540-8888 x 104
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com